# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Storage Unit Number 1042 at West Coast Self-Storage Columbia City, as more fully described in Attachment A

)
)
)
)
)
)

Case No.   MJ21-300

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Storage Unit Number 1042 at West Coast Self-Storage Columbia City, as more fully described in Attachment A

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1), 841(b)(1), 843, and 846 | Distribution of and possession with intent to distribute controlled substances, use of communications facilities to facilitate drug trafficking, conspiracy to commit these offenses |

The application is based on these facts:
✓ See attached affidavit of FBI Special Agent Shawna McCann.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*
Shawna McCann, Special Agent
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: ___05/20/2021___

*Judge's signature*

City and state: Seattle, Washington

S. Kate Vaughan, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SHAWNA MCCANN

STATE OF WASHINGTON  )
                     )  ss
COUNTY OF KING       )

I, Shawna McCann, a Special Agent with the Federal Bureau of Investigation, Seattle, Washington, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. This Affidavit is being submitted pursuant to Federal Rule of Criminal Procedure 41 in support of an Application for a warrant authorizing a secondary search of the following location associated with Cesar Clemente III for the limited purpose of searching a safe that was found locked during the initial search of this location:

   a. Storage Unit Number 1042 at West Coast Self-Storage Columbia City, located at 3736 Rainier Avenue S, Seattle, Washington, rented under the name Cesar Clemente III (the "SUBJECT UNIT"), as further described in Attachment A, which is attached hereto and incorporated herein, for the items to be searched for and seized described in Attachment B, which is attached hereto and incorporated herein.

2. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 (Distribution of Controlled Substances) and 846 (Conspiracy) have been committed, are being committed, and will be committed by Michael Walker and his associates, including Cesar Clemente III, in furtherance of the Michael Walker Drug Trafficking Organization (DTO). There is also probable cause to believe that the locations described above contain evidence of the aforementioned offenses. As such, there is probable cause to search the location described in Attachment A, for evidence, instrumentalities, or contraband of these crimes, as described in Attachment B. Obtaining the information sought in this Affidavit is necessary to further the investigation into these offenses.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## AGENT BACKGROUND

3. I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 2017. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. In this capacity, I investigate, *inter alia*, violations of the Controlled Substance Act, Title 21, United States Code, Section 801 *et seq.*, and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 400 hours of classroom training including, but not limited to, drug identification, drug interdiction, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, manufacturing, and trafficking of controlled substances.

4. In my role as a Special Agent for the FBI, I have participated in narcotics investigations (e.g., heroin, cocaine, marijuana, and methamphetamine) that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations. I have encountered and have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, export, conceal, and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities. I am also familiar with the various methods of packaging, delivering, transferring, and laundering drug proceeds. Additionally, through my training and experience, I can identify illegal drugs by sight, odor, and texture.

5. I have also worked on drug investigations involving the use of court-authorized wiretaps under Title III. In that capacity, I have had the opportunity to

AFFIDAVIT OF SA SHAWNA MCCANN - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

monitor, listen to, and review transcripts and line sheets (prepared by linguists) documenting the content of hundreds of intercepted conversations involving the trafficking of cocaine, methamphetamine, heroin, and other narcotics, by persons who used some form of code to attempt to thwart law enforcement detection. I have also interviewed defendants at the time of their arrest and have debriefed, spoken with, and/or interviewed numerous drug dealers or confidential sources (informants) at proffer and field interviews who were experienced in speaking in coded conversation over the telephone. From these interviews, and also from discussions with other experienced agents, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of firearms to protect their narcotics-related activities and of cellular telephones and other electronic means to facilitate communications while avoiding law enforcement scrutiny.

6. I have written affidavits in support of court-authorized federal warrants and orders in the Western District of Washington for GPS tracking of telephones, Pen Register/Trap and Trace, and search warrants. Additionally, I have testified in grand jury proceedings, written investigative reports, and conducted and participated in numerous interviews of drug traffickers of various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

7. I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, violations of the Controlled Substance Act, Title 21, United States Code, Section 801 *et seq.*, and related offenses.

8. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the Application for the search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

**APPLICABLE LAW**

9.      Title 21, United States Code, Section 841 provides for criminal penalties for the distribution of, and possession with intent to distribute, controlled substances. Title 21, United States Code, Section 846 provides for criminal penalties for those who conspire to commit these acts.

**KNOWLEDGE BASED ON TRAINING AND EXPERIENCE**

10.     Based upon my training and experience, including my experience in this investigation, and my discussions with other experienced officers and agents involved in drug investigations, I know that drug traffickers maintain evidence of their criminal activity at locations that are convenient to them, including their residences, vehicles, and storage lockers. This evidence often includes not only contraband and paraphernalia, but also financial records, records of property and vehicle ownership, records of property rented, and other documentary evidence relating to their crimes. Drug traffickers sometimes take or cause to be taken photographs and/or video recordings of themselves, their associates, their property, and their illegal product. These individuals often maintain these photographs and recordings in their possession or at their premises. Drug traffickers also frequently maintain items necessary for weighing, packaging, and cutting drugs for distribution. This paraphernalia often includes, but is not limited to, scales, plastic bags and cutting/diluting agents and items to mask the odor of drugs.

**STATEMENT OF PROBABLE CAUSE**

11.     The United States, including the FBI, is conducting a criminal investigation of Michael Walker and the Michael Walker DTO regarding possible violations of Title 21, United States Code, Sections 841, 846, 843(b), and related crimes.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A.     Background Regarding Michael Walker and His Drug Trafficking**

12.     Investigators believe Michael Walker to be a trafficker of narcotics in this District. To summarize, according to historical reports, Michael Walker has been a subject or person of interest in drug investigations at least as far back as 2016, including reports of Michael Walker making trips to and from Los Angeles to pick up narcotics and supplying cocaine to numerous individuals. In 2019, two separate individuals stated they had purchased cocaine from Michael Walker and/or Michael Walker's associates, Maghan Stenson, Stevie Allen, and Jamaal Davis, on several occasions in the past.

13.     Beginning in 2019, the FBI and Seattle Police Department (SPD) began investigating Michael Walker and the drug trafficking organization (DTO) Michael Walker is affiliated with within the Western District of Washington. Through the use of confidential source information and traditional investigative techniques, agents[1] identified several individuals, including Michael Walker, Maghan Stenson, Jamaal Davis, James Lowe, Kevin Gipson, and Stevie Allen who are involved in the trafficking and distribution of drugs in this District.

14.     As part of this investigation, agents conducted several rounds of court-authorized wiretaps on several target cell phones, including Michael Walker using TT8, Larry Collins using TT16, Jimmy Carter using TT20, and Kefentse Lumumba-Olabisi using TT30.[2]

**B.     Cesar Clemente III's History of Drug Trafficking**

15.     On April 14, 2020, at approximately 2:43 p.m., agents observed, via remote surveillance, a white Toyota Highlander bearing Washington license plate BCW0719

---

[1] When I use the term "agents" and "investigators" throughout this Affidavit, I am referring to law enforcement personnel, including but not limited to FBI agents and intel personnel, DEA agents, IRS agents, task force officers, and Seattle Police Department sergeants, detectives, and officers.

[2] Agents confirmed each listed individual was the user of each corresponding device, respectively, by obtaining a search warrant for and/or wiretap order that included GPS location data for each device, and observed each individual, identified based on a comparison to their driver's license photograph, in the vicinity of the GPS ping radii for each device at multiple different times and locations.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  (Subject Vehicle 18) pull into the driveway of Michael Walker's residence in Renton. Via
2  remote video surveillance, a male, identified as Cesar Clemente III based on a
3  comparison to his driver's license photograph, exited the white Toyota Highlander,
4  opened the rear driver's side door, retrieved a black backpack, and walked into Walker's
5  residence. At approximately 2:49 p.m., agents observed, via remote surveillance, Cesar
6  Clemente III exit Walker's residence carrying the black backpack in one hand, which
7  appeared to be lighter/weigh less than when Cesar Clemente III carried the backpack into
8  the residence. Cesar Clemente III put the black backpack in the rear driver's side of the
9  Toyota Highlander and departed Michael Walker's residence. At approximately 2:57
10 p.m., agents observed Cesar Clemente III park at an apartment complex located at 1104 S
11 18th Street, Renton, Washington. Agents then observed Cesar Clemente III meeting with
12 an unknown male in the front passenger seat of the white Toyota Highlander. At
13 approximately 3:14 p.m., agents observed Cesar Clemente III and the unknown male
14 standing in the parking lot of the apartment complex smoking marijuana, determined
15 based on the odor emitted from the smoke. At approximately 4:09 p.m., agents observed
16 the unknown male go inside an upstairs apartment unit door, either unit #7 or #4, by
17 entering a code on the door. At approximately 4:11 p.m., agents observed the unknown
18 male exit the apartment unit carrying a black and red shoe box in one hand and
19 accompanied by a small child. The black male handed the shoe box to Cesar Clemente III
20 and then Cesar Clemente III departed the apartment complex lot driving the white Toyota
21 Highlander.

22         16.    At approximately 4:15 p.m., agents initiated a vehicle stop on Cesar
23 Clemente III. Cesar Clemente III failed to stop his vehicle and continued driving. Cesar
24 Clemente III stopped at a red light in the far left lane at the intersection of Benson Road S
25 and 515/Benson Drive S in Renton, Washington, but still refused to pull over. An agent
26 with activated emergency lights pulled up alongside Cesar Clemente III and told Cesar
27 Clemente III that he was the police and instructed Cesar Clemente III to pull over. Cesar
28 Clemente III refused to pull over and proceeded to run the red light, crossing other lanes

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of stopped traffic, and turned right onto 515/Benson Drive S. Agents observed Cesar Clemente III eventually park on the street across from a residence located at 1032 S 32nd Place, Renton, Washington. Cesar Clemente III quickly exited the white Toyota Highlander, grabbed the black backpack and another bag from the backseat of the white Toyota Highlander, and ran across the street towards the residence at 1032 S 32nd Place, Renton, Washington. Agents observed Cesar Clemente III run to the side of the house, through a wooden fence/side gate, and into the backyard of 1032 S 32nd Place, Renton, Washington. At approximately 4:35 p.m., agents observed Cesar Clemente III exit the residence at 1032 S 32nd Place, Renton, Washington followed by an unknown male later identified as Cesar Clemente III's cousin. Cesar Clemente III was placed into handcuffs and temporarily detained by agents as a result of his failure to pull over for law enforcement and then fleeing on foot with a backpack and another bag into his cousin's residence. Cesar Clemente III was read *Miranda* warnings by agents. Cesar Clemente III verbally stated that he understood his rights and agreed to waive his rights and speak with law enforcement without a lawyer present. At this time, Cesar Clemente III admitted that he had four pounds of marijuana in the backpack and a firearm, all of which he had retrieved from the white Toyota Highlander before running across the street to his cousin's house.[3] Cesar Clemente III stated that he had a valid firearms carry permit and carried the firearm for protection. Cesar Clemente III admitted he often traveled with large amounts of cash and marijuana and was worried about being robbed. Agents located a firearm, a cell phone, and keys to the white Toyota Highlander on Cesar Clemente III's person when he exited his cousin's house and was detained. Cesar Clemente III provided agents with verbal consent to search his cousin's house, including the belongings he put in his cousin's house, and separate verbal consent to search the house was also obtained from Cesar Clemente III's cousin. In the cousin's residence, agents located a backpack

---

[3] Agents consulted with a Washington State Liquor and Cannabis Board investigator who was shown photographs of the marijuana seized from Cesar Clemente and advised that the marijuana was not legally packaged for processing, transportation, or sale, nor did Cesar Clemente have the required inventory form for transporting marijuana legally.

USAO 2019R01083  
AFFIDAVIT OF SA SHAWNA MCCANN - 7

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

that Cesar Clemente III acknowledged was his and contained approximately four pounds of marijuana. Agents also located an additional pound of marijuana in the garage and a cell phone in the house. Cesar Clemente III denied going into the garage, but his cousin told agents that Cesar Clemente III went into the garage before exiting the house and being detained by law enforcement and that the one pound of marijuana in the garage was not his. Cesar Clemente III eventually admitted that the cell phone found in his cousin's house was his, and that he had two cell phones. Cesar Clemente III provided agents with verbal consent to search his white Toyota Highlander. Agents located a wallet inside the vehicle that contained a driver's license for Cesar Clemente III, various credit/bank cards, an EBT card, and approximately $30.00 in the center console of the vehicle. The white Toyota Highlander smelled strongly of marijuana, as did Cesar Clemente III's clothes. Cesar Clemente III declined to provide consent to search his cell phones. While agents were submitting Cesar Clemente III's cell phones into evidence approximately one to two hours after releasing Cesar Clemente III, both cell phones were remotely wiped/restored to factory settings. Based on my training and experience, I believe that Cesar Clemente III went to Michael Walker's residence to supply Michael Walker with marijuana, which was contained in the black backpack that Cesar Clemente III carried into Walker's residence.

17. In the weeks leading up to this transaction, agents observed Cesar Clemente III via remote video surveillance making short visits consistent with drug transactions at Michael Walker's residence on at least six occasions. Based on the frequent, short trips Cesar Clemente III made to Michael Walker's residence, often carrying a bag inside Michael Walker's residence and exiting with a bag that appeared lighter, and the vehicle stop shortly after Cesar Clemente III visited Michael Walker's residence on April 14, 2020 that resulted in the seizure of about five pounds of marijuana and a firearm, I believe that Cesar Clemente III supplied Michael Walker with marijuana during each of these meetings.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. On September 28, 2020, agents intercepted a call between Kefentse Olabisi using TT30 and Jimmy Carter using TT20. (Session 3175.) At the beginning of the call, Jimmy Carter told Kefentse Olabisi that he had inadvertently left some "work [cocaine]" there the night before, and when he came back to get it, Kefentse Olabisi was already asleep. Kefentse Olabisi looked and confirmed that he found it, that it had fallen on the ground. The topic of the conversation then shifted to law enforcement. Jimmy Carter told Kefentse Olabisi that someone "told me last night, he said they doing a lot of stings . . . They doing, they setting a lot of people up, right now." As part of this discussion, Jimmy Carter mentioned that a male referred to as "Sac" [Jamaal Davis aka J-Sac] who had just opened up another restaurant called Tequila and Tacos in Columbia City[4] was "hot [the subject of law enforcement interest]." Kefentse Olabisi agreed and said that his "partner runs, my partner manages the spot. He did it with my Asian partner, Cesar. There is a dude named Cesar. He got his little dispensary too, but man, I ain't fuck with them cats." Jimmy Carter replied, "them motherfuckers is hot bro. My dude already talking about that shit [possibly referring to the April 2020 traffic stop on Cesar Clemente]. Oh all he's doing is he's tripping, he's done, he's done. . . he's liz-aundering [money laundering] through that shit [Jamaal Davis is money laundering through his restaurant], he's done."[5] The two men then discussed who might be "cooperating" and that people were working with "the feds." Based on my training and experience, I believe that Kefentse Olabisi and

---

[4] Based on physical surveillance and confidential source information, agents identified Jamaal Davis as a Michael Walker DTO associate who owns restaurant businesses in Seattle, including City Teriyaki and a taco restaurant. A confidential source advised that Jamaal Davis uses the restaurants to launder drug trafficking proceeds. Agents conducted open source research and located a restaurant named Taco City Taqueria in the Columbia City, Seattle area that is affiliated with City Teriyaki and Jamaal Davis.

[5] On October 1, 2020, agents intercepted a call between Larry Collins using TT16 and Jamaal Davis at phone number (206) 422-3300 (TT32). (Session 987.) During this call, Jamaal Davis said, "it's there but it's not signed or filled out." Larry Collins replied, "who is gonna fill it out?" and Larry Collins stated that "Cesar's here." Jamaal Davis said that "his signature won't work." Agents believe that Larry Collins was referring to a check that Jamaal Davis had not signed and that Larry Collins was trying to get the check signed by someone authorized to sign. As discussed below, Cesar Clemente was identified as a business partner of Jamaal Davis and thus might have had authority to sign the check.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Jimmy Carter were discussing that Cesar Clemente III, who is Asian/Pacific Islander, was working with Jamaal Davis, whom agents know through prior investigations and confidential source information goes by the alias J-Sac and owns several restaurants/food trucks in the Seattle area including a taco restaurant, and that Jamaal Davis was laundering money through his restaurants. Kefentse Olabisi also referenced Cesar Clemente selling marijuana in addition to working with Jamaal Davis.

19. In September 2020, a confidential source (CS8)[6] advised agents that CS8 knew Jamaal Davis aka Jay, identified by CS8 based on Jamaal Davis's driver's license photograph. CS8 stated that Jamaal Davis owns Taco City and City Teriyaki in Seattle. CS8 reported that Jamaal Davis offered to introduce CS8 to narcotics dealers who can move multiple ounces to kilos of narcotics and informed CS8 that he would talk to his people and get back to CS8 in a few days. CS8 stated that Jamaal Davis always had a lot of cash on hand and believed that Jamaal Davis was laundering narcotics proceeds through his restaurant businesses. Later in September 2020, Jamaal Davis informed CS8 of prices for cocaine, pills, methamphetamine, and heroin. CS8 advised agents that Jamaal Davis had a business partner that went by the name "Cesar," who CS8 positively identified as Cesar Clemente III based on his driver's license.

20. Finally, agents obtained reported earnings/wages for Cesar Clemente III from Washington State Employment Security Department, which showed that he had no reported wages from January 1, 2016, through December 31, 2019. This amount of reported income is inconsistent with his apparent lifestyle of owning two luxury vehicles

---

[6] CS8 has been a confidential source for the DEA since 2014. CS8 is a paid informant and is receiving immigration benefits. CS8 has provided credible and reliable information in the past on other narcotics, firearms, and gang investigations, which has been corroborated by physical surveillance, wire interceptions, and open source research. CS8 has worked on previous investigations that led to criminal charges and has successfully completed multiple controlled purchases of narcotics in various investigations. Information and assistance provided by CS8 has led to the seizure of narcotics and United States currency. CS8 has a felony conviction for conspiracy to distribute cocaine and a misdemeanor conviction for reckless endangerment.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

outright with no financing[7] and does not appear to reflect his actual income, acquired through drug trafficking based on his association with the Michael Walker DTO and its members involved in drug trafficking.

**C.     Search of Cesar Clemente III's Residence and Identification of the SUBJECT STORAGE UNIT at West Coast Self-Storage.**

21.     On March 31, 2021, the Honorable Mary Alice Theiler issued search warrants for Cesar Clemente III's residence, 12120 SE 186th Street, Renton, Washington, and two vehicles associated with Cesar Clemente III.

22.     Agents executed these search warrants on April 7, 2021.  In the residence, agents found Cesar Clemente III and his girlfriend.  In the garage, agents located numerous large garbage bags full of marijuana. Also in the garage, agents located materials indicating that marijuana processing was taking place at this location. In particular, agents located distillates, extracts, and other derivatives; packaging materials; and materials for rolling "joints" as well as pre-rolled joints. Washington State Liquor and Cannabis Board employees were on site during the search, who confirmed that the materials located were consistent with marijuana processing, and also confirmed that neither Cesar Clemente III nor the location were permitted under Washington State's marijuana regulatory scheme to process or sell marijuana.

23.     In a spare bedroom on the second floor of the home, agents located ten firearms, including two firearms that have been determined to be stolen.  There was additional marijuana and THC in edible candies in this room near the firearms.  In a separate room downstairs, agents located two unloaded rifles.

24.     In total, agents seized over 100 kilograms of marijuana from the home. They also located over $67,000 in cash, one cell phone, and a ledger containing marijuana types, quantities, and pricing. Agents also located various documents reflecting

---

[7] Washington Department of Licensing records show that Cesar Clemente III is the current owner of a black 2003 BMW X5 and a 2014 Audi Q7, and the records do not list any other entity, such as a lender, with an ownership interest in the vehicles.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that Cesar Clemente III owned, operated, or was otherwise affiliated with several businesses, had a safety deposit box at US Bank, and rented storage unit number 1042 (the SUBJECT UNIT) at West Coast Self-Storage in Columbia City in his name, Cesar Clemente III.

25. Following the search, on April 7, 2021, Cesar Clemente III was arrested based on a Criminal Complaint for Possession of Marijuana with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On April 14, 2021, Cesar Clemente III was indicted on these same charges. Cesar Clemente III was not detained following his arrest and was released on conditions of bond.

26. On May 13, 2021, I went to West Coast Self-Storage and spoke with the assistant manager on duty, who advised that Unit 1042 (SUBJECT UNIT) was currently rented under Cesar Clemente III's name. The assistant manager also advised that Cesar Clemente III currently rented another storage unit, number 3127, under his name at that location. The assistant manager also advised that the units had been accessed for short durations in early May 2021, after Cesar Clemente III's arrest.

27. On May 15, 2021, the Honorable Brian A. Tsuchida, Chief Magistrate Judge for the Western District of Washington signed a search warrant for the SUBJECT UNIT, among other locations, which agents executed later in the day. In the SUBJECT UNIT, agents located several large plastic containers containing suspected marijuana, digital scales, drug paraphernalia, documents that appear to be drug ledgers and pay owe sheets, several cell phones, a credit card manufacturing machine, Cesar Clemente III's passport, and mail in his name. Also in the SUBJECT UNIT, agents located a small locked safe. Agents held this locked safe in the air and shook it multiple times but did not hear or feel any movement inside the safe, and therefore believed the safe was empty. Acting on this belief, and in order not to cause more damage than they felt necessary to conduct a thorough search, agents chose not to force the safe open.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### D. Identification and Search of a Third Storage Unit at West Coast Self-Storage, and Information Leading to the Need to Re-Search the SUBJECT UNIT.

28. While agents were at West Coast Self-Storage on May 15, 2021, the site manager advised agents that there was a third storage unit, number 3120, that was rented under another name but paid for by Cesar Clemente III using the same credit card he used to pay for units 1042 (SUBJECT UNIT) and 3127.

29. Agents obtained rental, payment, and access records for the SUBJECT UNIT, which showed that the SUBJECT UNIT was rented by Tamara Jasper, was currently in a delinquent payment status (similar to units 1042 and 3127, which are rented in Cesar Clemente III's name), had prior payments made in both cash and using a credit card in the name of Cesar Clemente III, and had not been accessed using the unique code for Tamara Jasper. Agents also obtained surveillance footage from the storage facility showing that Cesar Clemente III – identified based on a comparison to his driver's license photograph – had accessed unit 3120.

30. On May 19, 2021, the Honorable S. Kate Vaughan signed a search warrant for unit 3120. Agents executed this warrant later in the day on May 19, 2021 and located additional equipment for growing marijuana inside this storage unit.

31. While agents were at West Coast Self Storage on May 19, 2021, the site manager advised agents that he had gone into the SUBJECT UNIT and unit 3127 after agents had completed their search on May 15, 2021. The site manager told agents that he had been instructed by his supervisor to document with photographs violations of the company's storage policies for purposes of canceling the lease on these units.[8] The site manager advised agents that he was able to open the small locked safe in the SUBJECT UNIT and found white powder residue and packaging inside the safe. During agents' search of the SUBJECT UNIT, agents located a plastic Tupperware container with white powder residue; agents seized this plastic container as evidence and conducted a field test

---

[8] The site manager was acting on behalf of West Coast Self Storage and was not acting on behalf of or at the request of law enforcement when accessing the SUBJECT UNIT or unit 3127.

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the white powder residue, which produced a presumptive positive result for the presence of cocaine. Accordingly, agents believe that the contents of the safe that were found by the site manager are likely cocaine and packaging for the distribution and redistribution of cocaine. Moreover, I know based on this investigation, which included multiple wiretaps and the execution of search warrants at multiple residences and vehicles, that the Michael Walker DTO traffics in both marijuana and cocaine.

32. Agents seek this additional warrant to conduct a second search of the SUBJECT UNIT, limited to the search of the small safe (that was locked during the initial search) contained inside the SUBJECT UNIT, as described in Attachment A. I know based on my training and experience, that drug traffickers frequently keep their narcotics and narcotics proceeds in their residences, vehicles, and stash locations, including storage units, in order to protect their supply and to have the narcotics on hand for transactions.

## CONCLUSION

33. Based on the foregoing, I submit there is probable cause to believe that contained with the locations described in Attachment A, there exists evidence, fruits, and instrumentalities, as described in Attachment B, of violations of 21 U.S.C. §§ 841 and 846 (distribution of, and possession with intent to distribute, controlled substances, and conspiracy to do the same) committed by Cesar Clemente III.

_____
Shawna McCann, Affiant
Special Agent, FBI

The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on the 20th day of May, 2021.

_____
S. Kate Vaughan
United States Magistrate Judge

USAO 2019R01083
AFFIDAVIT OF SA SHAWNA MCCANN - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970